# EXHIBIT A

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOHN SPRY

     Plaintiff,

v.

WERNER CO.,

     Defendant.

Case No: 24-     -NP
Hon.

---

TYLER M. JOSEPH (P80934)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 470-2011
tyler@markolaw.com
isabel@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

## COMPLAINT

Plaintiff, **JOHN SPRY**, by and through his attorneys, **MARKO LAW**, states the following for his Complaint against the above-named Defendant:

### JURISDICTION AND VENUE

1.    Plaintiff, **JOHN SPRY**, is a resident of the City of Westland, County of Wayne, State of Michigan.

1

---

*Spry v. Werner Co.*
Case No. 24-    -NP

Tyler M. Joseph, Esq.

24-018226-NP FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   12/16/2024 9:57 AM   Jacqueline Ruff
(JM) MARKO LAW

2. Defendant, WERNER CO., is an Illinois Corporation that has continuous and systematic contacts with the State of Michigan and Wayne County through the selling and advertising of its products.

3. The occurrence which gave rise to this lawsuit occurred on May 30, 2024 in the City of Westland, County of Wayne, State of Michigan.

4. The amount in controversy far exceeds this Honorable Court's jurisdictional requirement.

## FACTUAL ALLEGATIONS

5. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

6. On May 30, 2024, Plaintiff was severely injured when a folding attic ladder, designed, manufactured, and produced by Defendant, WERNER CO., broke. The subject folding attic ladder was in the garage of his home in Westland, Michigan when the ladder suddenly and without warning broke and caused him to fall and strike the cement floor.

7. Plaintiff sustained severe injuries including, but not limited to, a broken hip requiring extensive surgery and placement of hardware.

8. Defendant directly or through its agents, apparent agents, employees, servants, and/or subsidiary companies, designed, manufactured, tested, marketed, advertised, imported, distributed, promoted, and/or sold the folding attic ladder.

9. Defendant failed to timely repair and/or properly notify Plaintiff of the subject defect(s) which would have prevented the subject accident and resulting injuries.

2

*Spry v. Werner Co.*
Case No. 24-  -NP

Tyler M. Joseph, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5765

(JM) MARKOLAW

10. As a result of the subject incident, Plaintiff suffered and will continue to suffer:

    a. Great physical pain;

    b. Suffering;

    c. Mental anguish;

    d. Emotional distress;

    e. Loss of enjoyment of life;

    f. Various economic damages including wage loss and medical bills;

    g. Various injuries to his head, neck, shoulders, spine, and generally throughout his body; and

    h. Impairment of health and bodily efficiency.

11. Plaintiff has incurred and continues to incur lost earnings.

12. Plaintiff has incurred and continues to incur medical bills and other costs related to his medical treatment.

13. Plaintiff has suffered a loss of earning capacity.

14. The folding attic ladder involved in this incident, as designed and manufactured, was unreasonably dangerous.

15. An alternative design existed at the time Defendant, WERNER CO., designed, manufactured, and sold the folding attic ladder and, if used, would have prevented Plaintiff's injury.

3

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-0763

(M) MARKO LAW

## COUNT I – NEGLIGENT PRODUCTION

16. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

17. Defendant, WERNER CO., owed a duty to Plaintiff to place a reasonably safe folding attic ladder into the stream of commerce free of defects and safety hazards.

18. Defendant, WERNER CO., was negligent, careless, reckless, and grossly negligent in the following particulars:

    a.    In failing to properly design and manufacture the subject folding attic ladder and its components;

    b.    In failing to provide adequate warnings to consumers and/or retailers;

    c.    In failing to test and inspect the subject folding attic ladder to identify unreasonably dangerous hazards;

    d.    In failing to exercise the degree of care which a reasonable prudent folding attic ladder designer and manufacturer would have exercised under the same circumstances;

    e.    By "producing", assembling, specifying, designing and/or manufacturing a folding attic ladder that contained manufacturing, installation, assembly, design and/or "production" defects that caused the subject folding attic ladder to pose an unreasonable risk of injury;

    f.    By negligently failing to adequately test and failing to use adequate quality control procedures to alert it to manufacturing and/or "production" defects;

    g.    Other acts of negligence that may become known through the course of discovery.

19. All of the above acts and omissions combined and concurred as a direct and proximate cause of the injuries and damages suffered by the Plaintiff herein.

4

*Spry v. Werner Co.*
Case No. 24-   -NP

Tyler M. Joseph, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

Ⓜ MARKO LAW

## COUNT II - BREACH OF IMPLIED WARRANTY

20. Plaintiff restates the above paragraphs as if fully set forth herein.

21. By virtue of sale of the folding attic ladder for use by an ultimate consumer, Defendant impliedly warranted that the folding attic ladder was merchantable and fit for the purpose intended.

22. The folding attic ladder, in fact, was not merchantable nor fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous.

23. As a direct and proximate result of the breach of the implied warranty of merchantability by Defendant, Plaintiff was severely injured and incurred damages previously stated herein.

24. As a direct and proximate result of the breach of the implied warranty of merchantability by Defendant, Plaintiff was severely injured and incurred damages.

## COUNT III - GROSS NEGLIGENCE/ ACTUAL KNOWLEDGE

25. Plaintiff restates the above paragraphs as if fully set forth herein.

26. The subject folding attic ladder was defective at the time it was "produced" and "sold".

27. Defendant had actual knowledge of the defect and of the substantial likelihood that the defect(s) would cause Plaintiff injuries.

28. Defendant willfully disregarded that knowledge.

5

*Spry v. Werner Co.*                                                    Tyler M. Joseph, Esq.
Case No. 24-     -NP

29. That as a direct and proximate consequence of the negligent or grossly negligent acts and/or omissions of Defendant, despite their actual knowledge, Plaintiff sustained severe injuries, pain and suffering, emotional distress, shock to the nervous system and mental anguish.

## COUNT IV – BREACH OF EXPRESS WARRANTY

30. Plaintiff restates the above paragraphs as if fully set forth herein.

31. Defendant made representations and/or statements that the product was free from defects and/or fit for its intended purpose.

32. Defendant breached the express warranties provided to Plaintiff.

33. That as a direct and proximate consequence of the breach of express warranty by Defendant, Plaintiff sustained severe injuries, pain and suffering, emotional distress, shock to the nervous system, mental anguish, and economic damages.

## COUNT V – FAILURE TO WARN

34. Plaintiff restates the above paragraphs as if fully set forth herein.

35. Defendant knew of or should have known of the risk of injury with respect to the foreseeable use and/or misuse of its product.

36. Defendant did not provide effective communication of adequate, accurate information essential to the safe use of the product.

37. That as a direct and proximate consequence of Defendant's failure to warn and/or inadequate warning, Plaintiff sustained severe injuries, pain and suffering, emotional distress, shock to the nervous system and mental anguish.

6

*Spry v. Werner Co.*
Case No. 24-    -NP

Tyler M. Joseph, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

Ⓜ MARKO LAW

WHEREFORE Plaintiff prays for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of this Honorable Court's jurisdictional requirement against Defendant. Additionally, Plaintiff asks for costs of this action, all pre-judgement and post-judgement interest as provided by law and such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Tyler M. Joseph*
Tyler M. Joseph (P80934)
Attorney for Plaintiff
**Marko Law, PLLC**
220 West Congress, 4th Floor
Detroit, MI 48226
Phone: (313) 777-7LAW
Fax: (313) 470-2011
tyler@markolaw.com

Date: December 16, 2024

7

*Spry v. Werner Co.*
Case No. 24-    -NP

Tyler M. Joseph, Esq.

24-018226-NP FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   12/16/2024 9:57 AM   Jacqueline Ruff

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOHN SPRY

       Plaintiff,

v.

WERNER CO.,

       Defendant.

Case No: 24-     -NP
Hon.

---

TYLER M. JOSEPH (P80934)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 470-2011
tyler@markolaw.com
isabel@markolaw.com

---

## JURY DEMAND

Plaintiffs, by and through counsel, hereby request a trial by jury in the above-captioned matter.

Respectfully submitted,

**MARKO LAW, PLLC**

*/s/ Tyler Joseph*
TYLER M. JOSEPH (P80934)
Attorney for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 470-2011
tyler@markolaw.com

Date: December 16, 2024

1